1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER A.T. PEDRAS (aka CHRIS PEDRAS aka ANTONE THOMAS PEDRAS); SYLVESTER M. GRAY II; ALICIA BRYAN; MAXUM GOLD BNK HOLDINGS LIMITED; MAXUM GOLD BNK HOLDINGS LLC; FMP MEDICAL SERVICES LIMITED; and FMP MEDICAL SERVICES LLC,<br><br>       Defendants, and<br><br>COMPTROLLER 2013 LIMITED,<br><br>       Relief Defendant. | Case No. CV 13-07932 GAF (MRWx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT SYLVESTER M. GRAY II** |

The Securities and Exchange Commission having filed a Complaint and Defendant Sylvester M. Gray II ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77q(a)(1) & (3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $12,925, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $966.97, and a civil penalty in the amount of $12,925 pursuant to Section 20(d)(2)(C) of the Securities Act and Section 21(d)(3)(B)(iii) of the Exchange Act.  Defendant shall satisfy this obligation by paying $26,816.97 to the Securities and Exchange Commission within 60 days after entry of this Final Judgment.  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Sylvester M. Gray II as a defendant in this action; and

specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 60 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amount, which accrues pursuant to 28 U.S.C. § 1961 on any amount unpaid after 60 days after the entry of this Final Judgment.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered against Defendant in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

///

1

## VI.

2          There being no just reason for delay, pursuant to Rule 54(b) of the Federal

3   Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

4   forthwith and without further notice.

5

6   Dated: June 9, 2014

7

8          _____
           HONORABLE GARY A. FEESS
           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4