JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A.T. PEDRAS (aka CHRIS PEDRAS aka ANTONE THOMAS PEDRAS); SYLVESTER M. GRAY II; ALICIA BRYAN; MAXUM GOLD BNK HOLDINGS LIMITED; MAXUM GOLD BNK HOLDINGS LLC; FMP MEDICAL SERVICES LIMITED; and FMP MEDICAL SERVICES LLC,<br><br>Defendants, and<br><br>COMPTROLLER 2013 LIMITED,<br><br>Relief Defendant. | Case No. CV 13-07932-GAF (MRWx)<br><br>**FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS CHRISTOPHER A.T. PEDRAS, ALICIA BRYAN, MAXUM GOLD BNK HOLDINGS LIMITED, MAXUM GOLD BNK HOLDINGS LLC, FMP MEDICAL SERVICES LIMITED, AND FMP MEDICAL SERVICES LLC, AND RELIEF DEFENDANT COMPTROLLER 2013 LIMITED** |

On April 16, 2014, the Court granted the motion of Plaintiff Securities and Exchange Commission ("SEC") for entry of a default judgment against Defendants Christopher A.T. Pedras, Alicia Bryan, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC, and Relief Defendant Comptroller 2013 Limited pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55-1.  Accordingly:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants Christopher A.T. Pedras, Alicia Bryan, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly:

A.  unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

B.  unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

C.  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a

refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) & 77e(c).

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Christopher A.T. Pedras, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Alicia Bryan, and her agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby

1  are permanently restrained and enjoined from, directly or indirectly, in the offer or
2  sale of any securities, by the use of any means or instruments of transportation or
3  communication in interstate commerce or by use of the mails, obtaining money or
4  property by means of any untrue statement of a material fact or any omission to state
5  a material fact necessary in order to make the statements made, in light of the
6  circumstances under which they were made, not misleading, in violation of Section
7  17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Christopher A.T. Pedras, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

///

///

**V.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Alicia Bryan, and her agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Christopher A.T. Pedras and Alicia Bryan, and their agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, unless they are registered with the SEC in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), making use of the mails, or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills), in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**VII.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Christopher A.T. Pedras, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk

1 Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC, are
2 jointly and severally liable for disgorgement of $3,185,152, which represents profits
3 gained in connection with the Defendants' offering of securities as alleged in the
4 Complaint, and prejudgment interest thereon in the amount of $31,492.64, for a total
5 of $3,216,644.64.  Of this total of $3,216,644.64, Defendant Alicia Bryan is liable to
6 pay disgorgement of her ill-gotten gains totaling $226,676, which represents her
7 profits gained in connection with her offering of securities as alleged in the
8 Complaint, and prejudgment interest thereon of $2,241.22, for a total of $228,917.22.
9 Additionally, of the total of $3,216,644.64, Relief Defendant Comptroller 2013
10 Limited is liable to pay disgorgement of its ill-gotten gains totaling $553,403.70, and
11 prejudgment interest thereon of $5,471.68, for a total of $558,875.38.  Defendants
12 shall satisfy this obligation by paying $3,216,644.64 ($228,917.22 in the case of
13 Alicia Bryan and $558,875.38 in the case of Comptroller 2013 Limited) within 14
14 days after entry of this Final Judgment by certified check, bank cashier's check, or
15 United States postal money order payable to the Clerk of this Court, together with a
16 cover letter identifying the Defendant as a defendant in this action; setting forth the
17 title and civil action number of this action and the name of this Court; and specifying
18 that payment is made pursuant to this Final Judgment.  Defendant shall
19 simultaneously transmit photocopies of such payment and letter to the SEC's counsel
20 in this action.  By making payments pursuant to this Final Judgment, the Defendants
21 relinquish all legal and equitable right, title, and interest in such funds, and no part of
22 the funds shall be returned to the Defendants.  Pursuant to Local Rule 67-1, the Clerk
23 shall deposit the funds into an interest bearing account.  These funds, together with
24 any funds paid by any financial institution or brokerage firm pursuant to paragraph
25 VIII of this Final Judgment in partial satisfaction of this Final Judgment, and any
26 interest and income earned thereon (collectively, the "Fund"), shall be held in the
27 interest bearing account until further order of the Court.  In accordance with Local
28 Rule 67-2, the Clerk is authorized and directed, without further order of this Court, to

deduct from the income earned on the money in the Fund a fee not to exceed the amount prescribed by the Judicial Conference of the United States.  The SEC may propose a plan to distribute the Fund subject to the Court's approval.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, except as otherwise ordered by this Court, the previously ordered freeze placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, and/or over which account authority is held by any of Defendants Christopher A.T. Pedras, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC, and Relief Defendant Comptroller 2013 Limited or any entity affiliated with any of Defendants Christopher A.T. Pedras, Maxum Gold Bnk Holdings Limited, Maxum Gold Bnk Holdings LLC, FMP Medical Services Limited, and FMP Medical Services LLC, and Relief Defendant Comptroller 2013 Limited, remains in full force and effect, except to the extent that all funds and assets held in any such accounts shall be disgorged by the financial institution or brokerage firm holding the account in partial satisfaction of this Final Judgment, such accounts including but not limited to, the accounts set forth below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Wells Fargo Bank, N.A. | Maxum Gold Bnk Holdings LLC | XXXXXX8236 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Wells Fargo Bank, N.A. | Maxum Gold Bnk Holdings LLC | XXXXXX8244 |
| Wells Fargo Bank, N.A. | Maxum Gold Bnk Holdings LLC | XXXXXX5805 |
| Wells Fargo Bank, N.A. | Maxum Gold Bnk Holdings LLC | XXXXXX3404 |
| Wells Fargo Bank, N.A. | Maxum Gold Bnk Holdings LLC | XXXXXX8865 |
| Wells Fargo Bank, N.A. | Maxum Gold Bnk Holdings LLC | XXXXXX8873 |
| Wells Fargo Bank, N.A. | FMP Medical Services LLC | XXXXXX9910 |
| Wells Fargo Bank, N.A. | FMP Medical Services LLC | XXXXXX1791 |
| Wells Fargo Bank, N.A. | FMP Medical Services LLC | XXXXXX9142 |
| Wells Fargo Bank, N.A. | FMP Medical Services LLC | XXXXXX1367 |
| Wells Fargo Bank, N.A. | FMP Medical Services LLC | XXXXXX9928 |
| Wells Fargo Bank, N.A. | FMP Medical Services LLC | XXXXXX1809 |
| ANZ (Australia and New Zealand Banking Group | Maxum Gold Bnk Holdings Limited | XXXXXX-XXX3230-00 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Limited) | | |
| ANZ (Australia and New Zealand Banking Group Limited) | Maxum Gold Bnk PCPT Limited | XXXXXX-XXX4110-00 |
| ANZ (Australia and New Zealand Banking Group Limited) | Antone Thomas Pedras | XXXXXX-XXX4081-00 |
| Bank of New Zealand | Maxum Gold Bnk Holdings Limited | XX-XXXX-XXX4955-000 |
| Bank of New Zealand | Maxum Gold Bnk Holdings Limited | XX-XXXX-XXX4955-001 |
| Bank of New Zealand | Maxum Gold Bnk Limited | XX-XXXX-XXX5405-000 |
| Bank of New Zealand | Mr. A T Pedras<br>Associated Business Advisors | XX-XXXX-XXX5413-000 |
| Bank of New Zealand | Mr. A T Pedras<br>Associated Business Advisors | XX-XXXX-XXX5413-001 |
| Westpac New Zealand Limited | Maxum Gold Bnk Holdings Limited | XX-XXXX-XXX9917-00 |
| Westpac New Zealand Limited | Comptroller 2013 Limited | XX-XXXX-XXX8527-00 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Westpac New Zealand Limited | Mr. A T. Pedras | XX-XXXX-XXX8287-00 |
| Westpac New Zealand Limited | Mr. A T. Pedras | XX-XXXX-XXX8287-01 |
| Westpac New Zealand Limited | FMP Medical Services Limited | XX-XXXX-XXX8295-00 |
| Westpac New Zealand Limited | FMP Medical Services Limited – Trust Account | XX-XXXX-XXX2483-025 |

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Pedras shall pay a third tier civil penalty in the amount of $1,985,152 and Defendant Bryan shall pay a third tier civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendants Pedras and Bryan shall each make their required payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the respective defendant making the payment and identifying him or her as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  A copy of the letter and payment shall be simultaneously served on counsel for the Commission in this action.  Defendants shall pay post-judgment interest on any delinquent amounts

1  pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to
2  this paragraph to the United States Treasury.

**X.**

4  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court
5  shall retain jurisdiction of this matter for the purposes of enforcing the terms of this
6  Final Judgment, and for purposes of determining any additional relief in this action.

**XI.**

8  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, there
9  being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to
10 Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment
11 forthwith.

Dated:  June 9, 2014

_____
HONORABLE GARY FEESS
UNITED STATES DISTRICT JUDGE

**JS-6**